IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KARMIN DEARING,

    Plaintiff,

v.

15 NEWS "WMTV" - EDITOR IN CHIEF,
27 NEWS MADISON - EDITOR IN
CHIEF, WARDEN SUSAN NOVAK,
DEPUTY WARDEN LUKE WEBER,
SECURITY DIRECTOR BRIAN GUSTKE,
CO BUYA JAMA, and
CAPTAIN KEVIN BOODRY,[1]

    Defendants.

OPINION and ORDER

Case No. 19-cv-558-wmc

*Pro se* plaintiff Karmin Dearing, who was formerly incarcerated at Columbia Correctional Institution ("Columbia"), has filed a proposed civil complaint seeking monetary damages for injuries he suffered after he was wrongfully identified as an inmate that escaped from Columbia in April of 2020. Dearing has filed a proposed amended complaint (dkt. #7), which the court accepts to be the operative pleading. Because Dearing was incarcerated at the time he filed his complaint and is proceeding without prepayment of the filing fee, the court is required to screen his amended complaint under 28 U.S.C. §§ 1915A, 1915 to determine whether he may proceed with the case. Although Dearing is held to a "less stringent standard" in crafting pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court must dismiss this lawsuit for lack of subject matter jurisdiction.

---

[1] The court has modified the case caption to be consistent with plaintiff's amended complaint, and directs the clerk of court to do the same.

1

ALLEGATIONS OF FACT[2]

Dearing was incarcerated at Columbia in April of 2020. He names eight defendants. Two are private individuals: 15 News WMTV's Editor in Chief (John Doe #1), and 27 New Madison's Editor in Chief (John Doe #2). One is Columbia Correctional Institution, and the four remaining defendants are Columbia employees: Warden Sue Novak; Deputy Warden Luke Weber; Security Director Brian Gustke, Captain Kevin Boodry and CO Buya Jama.

On April 16, 2020, two inmates, one named Thomas Deering, escaped from Columbia. While the escaped inmates were at large, defendants Novak, Boodry and Weber mistakenly released Karmin Dearing's name and photograph to the press, describing him as a "violent rapist," which fairly characterized the escaped inmate (Deering), not Karmin Dearing. Dearing subsequently was "teased" so much by Columbia officers about being called a rapist that he submitted complaints under the Prison Rape Elimination Act ("PREA"). Dearing claims that as a result of Columbia's mistake, the two news outlet defendants slandered his name, causing him emotional distress and possibly subjecting him to adverse treatment upon his release from prison. He wishes to be compensated for the false allegations made about him.

---

[2] Courts must read allegations in *pro se* complaints generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). The court assumes the facts above based on the allegations made in plaintiff's amended complaint.

OPINION

A federal court is one of limited jurisdiction. Generally, this court may only consider cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. The court plainly does not have jurisdiction over this case under 28 U.S.C. § 1331, as Dearing has identified *no* federal claims in his complaint, nor can this court discern one from the facts alleged. Although the individuals employed at Columbia are state actors and thus subject to suit under 42 U.S.C. § 1983, there is no constitutional right to be free from defamation or slander. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (a person's reputation does not implicate a "liberty" or "property" interest of the sort protected by the Due Process clause). Dearing's allegations do not otherwise suggest a violation of his constitutional rights, nor do his proposed claims implicate any provision of the United States Constitution or federal statute.

Instead, Dearing's allegations suggest that he wishes to proceed against defendants on claims of defamation, based on slander or libel. *See Teff v. Unity Health Plans Ins. Corp.*, 2003 WI App 115, ¶ 40 n.6, 265 Wis. 2d 703, 666 N.W.2d 38 (setting forth the elements of a defamation claim based on slander or libel). Yet, again, any defamation claim Dearing might pursue sounds in state tort law, not federal law. *Paul*, 424 U.S. at 712 (a plaintiff's "interest in reputation is simply one of a number which the State may protect against injury by virtue of its tort law").

Although a federal court can exercise jurisdiction over state law claims if there is complete diversity jurisdiction under 28 U.S.C. § 1332 and at least $75,000 is at stake,

3

Dearing, who alleges to be a citizen of Wisconsin, has not alleged that all of the defendants are citizens of a state other than Wisconsin. To the contrary, Dearing explicitly alleges that Columbia Correctional Institution, and the Editors in Chief of 15 News Madison and 27 News Madison are citizens of Wisconsin. As such, there is no basis upon which this court may exercise jurisdiction over Dearing's proposed claims.

Since this court lacks subject matter jurisdiction over Dearing's claims, his complaint must be dismissed. If Dearing wishes to pursue a claim related to defendants' actions, he must do so in state court.

ORDER

IT IS ORDERED that Karmin Dearing's complaint is DISMISSED without prejudice for lack of subject matter jurisdiction. The clerk of court is directed to close this case.

Entered this 30th day of September, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge